# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| STEVEN M. BELL,<br><br>    Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>    Defendant. | No. C 11-4049-MWB<br><br><br>MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) |

_____

## I.   INTRODUCTION AND BACKGROUND

This case is before me on plaintiff Steven M. Bell's (Bell) Motion For Award of Attorney Fees (docket no. 16), brought by his attorney, William Horneber (Horneber), filed on October 6, 2014. Horneber also filed a Motion For Award of Attorney Fees (Amended) (docket no. 17) on October 8, 2014. Horneber filed these motions for attorney's fees more than a year after the judgment was filed in this case.[1] Horneber's original motion for attorney's fees provides, "The Social Security Administration *designated the sum of $18,263.50 as and for payment of attorney fees*." Plaintiff's Motion for Attorney Fees at 1 (emphasis added). Horneber includes with this motion, as an exhibit, his itemized statements representing that he worked 49.65 hours on Bell's claim before this Court (docket no. 16–1). The amended motion indicates that, "The Social Security Administration *designated the sum of $24,787.25, as and for payment of attorney fees* for Steven Mark Bell and his family." Plaintiff's Amended Motion for

---

[1] Bell's motions follow my May 13, 2013, order (docket no. 14), in which I granted Defendant's Motion For Final Judgment And Report To The Court (docket no. 13). The Clerk entered judgment in Bell's favor on May 13, 2013 (docket no. 15).

Attorney Fees at 1 (emphasis added). Both motions provide that Horneber "billed" $12,744.01.

On October 22, 2014, the Commissioner filed her Response To Plaintiff's Motion For Attorney Fees Pursuant To Section 206(b) Of The Social Security Act, 42 U.S.C. § 406(b) (docket no. 19). In that response, the Commissioner confirms that Bell was awarded $99,149.00 in past-due benefits, and the Social Security Administration (SSA) withheld 25% of that amount, or $24,787.25, for attorney's fees. Defendant's Response at 2. The Commissioner notes that I "must independently determine whether an attorney fee in this amount is reasonable." *Id.* The Commissioner suggests that Bell's attorney, Horneber, has not shown the reasonableness of his requested fees on three bases: (1) Horneber failed to comply with Local Rule 54.1(b) and the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA); (2) Horneber allegedly only seeks an award under 42 U.S.C. § 406(b), despite already receiving $6,000.00 under 42 U.S.C. § 406(a), and it is not clear whether he is seeking an aggregated fee amount in excess of 25% of Bell's past-due benefits; and (3) the factors one weighs in determining the reasonableness of attorney's fees tip against Horneber's request.

In addition, the Commissioner points out that neither of Horneber's motions for attorney's fees indicate "which of these amounts [(*i.e.*, the withheld $24,787.25 or "billed" $12,744.01)] [the plaintiff] is seeking or if he is seeking some other amount." *Id.* at 6. The Commissioner asserts that if Bell "is only seeking $12,744.01," under 42 U.S.C. § 406(b), or the amount Horneber "billed," then the Commissioner "has no objection with regard to the aggregation of fees" under 42 U.S.C. §§ 406(a) and 406(b). *Id.* at 9. This is because the total amount of attorney's fees would be $18,744.01 (*i.e.*, $12,744.01 under § 406(b), plus $6,000 under § 406(a)), which is less than 25% of Bell's past-due benefits withheld. *Id.* Conversely, if Horneber were

awarded the full amount requested under § 406(b) (*i.e.*, $24,787.25) in addition to the fee under § 406(a) (*i.e.*, $6,000.00), then "the total amount will exceed the amount the agency has withheld for payment of attorney fees," or 25% of Bell's past-due benefits. *Id.* at 7. That figure, according to the Commissioner, would equate to 31% of plaintiff's past-due disability benefits. *Id.* at 8.

Horneber filed a Reply To Defendant's Response (docket no. 21) on October 29, 2014. In his reply, Horneber vaguely suggests that he is entitled to an additional $18,767.25 under 42 U.S.C. § 406(b), plus the $6,000.00 under 42 U.S.C. § 406(a) that he already received for time spent before the Agency.[2] In support of his § 406(b) motion, Horneber attached, to the reply, two attorney's fee agreements, signed by Bell and Horneber. Both agreements indicate that Horneber would be entitled to a fee equal to twenty-five percent of Bell's past-due benefits, if Bell's claim was successful. Plaintiff's Reply at 5–7. The one agreement that is, according to Bell, relevant to this claim was signed on May 1, 2012. *Id.* at 7.

In making his claim for attorney's fees in the reply, albeit ambiguously, Horneber does not grapple with any of the Commissioner's objections in response to his request for attorney's fees. Nor does Horneber dispute the fact that he failed to file a motion for fees seeking reimbursement pursuant to the EAJA. At this time, Horneber

---

[2] The plaintiff's reply provides, "$18,767.25 is the difference between the $24,787.25 withheld from Mr. Bell's past-due benefits in anticipation of payment of attorney fee and $6,000.00, which is the amount authorized to be paid to the undersigned by the by the [sic] Administrative Law Judge. Plaintiff's Reply at 2. However, I note that $18,767.25 is *not* the difference between $24,787.25 and $6,000.00. If one subtracts $6,000.00 from $24,787.25, the difference is $18,787.25. This error further complicates, in my mind, what exactly Horneber is seeking for attorney's fees pursuant to § 406(b).

3

is time barred from filing such a motion.³ Instead of filing a motion under that Act, Horneber's motions ask that I award additional fees for the time he spent before this Court pursuant to 42 U.S.C. § 406(b). Although Bell's application for fees pursuant to 42 U.S.C. § 406(b) is untimely,⁴ the Commissioner has not raised that objection, but

---

³ Local Rule 54.1(b) provides, "An application for attorney fees and expenses under the Equal Access to Justice Act must conform with the requirements of 28 U.S.C. § 2412(d)(1)(B)." LR 54.1(b). Based on 28 U.S.C. § 2412(d)(1)(B), "A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action submit to the court an application for fees and other expenses[.]" 28 U.S.C. § 2412(d)(1)(B). A court's judgment becomes final 60 days after the date of the court's order. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993); *see also* FED. R. APP. P. 4(a). Therefore, in order for Bell's application for EAJA fees to be timely, it needed to be filed prior to August 11, 2013, or "'within thirty days of final judgment in the action.'" *Pottsmith v. Barnhart*, 306 F.3d 526, 527 (8th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(1)(B)). The Commissioner is mistaken in asserting that an application for EAJA fees needed to be filed prior to August 8, 2013 as the Commissioner wrongly cites the date of the Court's judgment as May 10, 2013. However, my order (docket no. 14), in which I granted the Commissioner's Motion For Final Judgment (docket no. 13), and the judgment in favor of Bell (docket no. 15), were issued on May 13, 2013.

⁴ 42 U.S.C. § 406(b), unlike the EAJA thirty-day filing period, does not include a specific time period for filing of attorney's fees and, instead, is governed by Rule 54(d)(2)(B) and the local rules. *See* 42 U.S.C. § 406(b); *see also Shepherd v. Apfel*, 981 F.Supp. 1188, 1190 (S.D. Iowa 1997) (noting that because "there is no time limit" under 42 U.S.C. § 406(b) as to the timing of a claimant's applications for attorney's fees, "the time limit for such applications is governed" by Rule 54(d)(2)(B) and local rules). The local rules for the Northern District of Iowa follow FED. R. CIV. P. 54(d)(2)(B), which indicates that, "[u]nless a statute or a court order provides otherwise," claims for attorney's fees must be made by motion and such a motion must "be filed no later than 14 days after the entry of judgment[.]" *See* LR 54.1(a) (citing FED. R. CIV. P. 54(d)(2)(B)). Judgment was entered in this case on May 13, 2013 (docket no. 15), and Bell filed his original motion for attorney's fees on October 6, 2014. Other reasonable approaches for determining the time limitations on § 406(b) fee applications have been presented. *See, e.g.*, *Garland v. Astrue*, 492 F.Supp.2d 216, 220 (E.D.N.Y. 2007). Yet, because the Commissioner does not object to the time limitation on Horneber's § 406(b) fee application, no further discussion on this point is necessary.

instead, focuses on the untimeliness of Bell's application for attorney's fees under the EAJA and Local Rule 54.1(b).[5] Therefore, the pending issue before me is whether to award Horneber, who successfully represented Bell before this Court, attorney's fees under 42 U.S.C. § 406(b).[6] *See Shepherd*, 981 F.Supp. at 1190 (finding plaintiff's counsel's application for fees under § 406 was untimely, but issuing a ruling on the matter because the government failed to raise an objection, and awarding plaintiff's counsel fees at a reduced rate pursuant to § 406 because plaintiff's counsel failed to seek fees under the EAJA).

## II. APPLICABLE LAW

"Attorney fees in Social Security Cases are bifurcated into two categories: time before the Agency and time before the courts." *Wallace*, 2004 WL 883447, *1 (citing 42 U.S.C. § 406(a)-(b)). Section 406(a) governs administrative representation, and the Commissioner has exclusive jurisdiction to determine attorney's fees for services performed *before the Agency*. *See* 42 U.S.C. § 406(a)(2). By contrast, section 406(b) governs representation in Court where there is "a judgment favorable to a claimant," and the Court may award "reasonable" fees for services performed *before the Court*.

---

[5] Nowhere does the Commissioner explicitly object that Bell's request for attorney's fees under § 406(b) is untimely, or refer to the relevant Local Rule 54.1(a). Rather, the Commissioner merely requests that I determine the "reasonableness of the petition for fees" based on Bell's noncompliance with Local Rule 54.1(b), which pertains to fee requests under the EAJA, not § 406(b). Defendant's Response at 3.

[6] It is worth noting, here, that I have addressed the issue of appropriate attorney's fees pursuant to 42 U.S.C. § 406(b) on other occasions. *See, e.g.*, *Lindstrom v. Astrue*, No. C 07–3050–MWB, 2012 WL 860322, *1–2 (N.D. Iowa Mar. 13, 2012); *see also Wellenstein v. Astrue*, No. C 08–4098–MWB, 2011 WL 4963856, *2 (N.D. Iowa Oct. 19, 2011); *Gray v. Astrue*, No. C07–4067–MWB, 2009 WL 3305758, *2 (N.D. Iowa Oct. 13, 2009); *Wallace v. Barnhart*, No. C01-4108-MWB, 2004 WL 883447, *1 (N.D. Iowa Apr. 22, 2004).

*See* 42 U.S.C. § 406(b)(1)(A). The Eighth Circuit Court of Appeals has clarified that an attorney is limited to a maximum of 25% of plaintiff's past-due benefits. *Davis v. Bowen*, 894 F.2d 271, 273 n.3 (8th Cir. 1989) (*per curiam*) ("We note that those circuits which have addressed the issue agree that the aggregate of fees awarded at the judicial and administrative levels may not exceed twenty-five percent of past due benefits.") (citations omitted).

Furthermore, "[a]fter successfully representing a claimant in a Social Security case, an attorney may seek an award of attorney fees [for time before the Court] under the EAJA or pursuant to 42 U.S.C. § 406(b), and sometimes an attorney seeks fees under both."[7] *Wallace*, 2004 WL 883447, *1. There is, however, a rather important distinction between these two types of fee awards: "Attorney fees awarded under the EAJA are paid by the Social Security Administration, whereas fees awarded under 42 U.S.C. § 406(b), part of the Social Security Act, are paid from the claimant's past-due benefits." *Bear v. Astrue*, 544 F.Supp.2d 881, 883 (D. Neb. 2008). "In short, filing for EAJA fees saves the plaintiff money." *Illiceto v. Secretary of Dept. of Health and Human Services*, No. CV–83–2160, 1990 WL 186254, *1 (E.D.N.Y. Nov. 14, 1990). As noted above, Horneber failed to seek fees under the EAJA, and, as an alternative, Horneber now seeks to recover fees pursuant to 42 U.S.C. § 406(b).

Courts are permitted, under the Social Security Act, 42 U.S.C. § 406(b)(1), to award a successful claimant's counsel fees for work performed before the Court in a "reasonable" amount not to exceed "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of [a favorable] judgment[.]" 42 U.S.C. §

---

[7] "On August 5, 1985, Congress amended § 206(b) of Pub.L. No. 99-80, § 3, 99 Stat. 186 to prohibit attorneys from being paid twice for the same services under the EAJA and the Social Security Act. Plaintiffs' attorneys are required to refund to the plaintiff the lesser of the EAJA fees or the fees awarded pursuant to section 406(b)." *Wallace*, 2004 WL 883447, *4 n.8.

406(b)(1)(A). Moreover, as I have explained elsewhere, "[T]he touchstone for determining attorney fees [pursuant to 42 U.S.C. § 406(b)] is *reasonableness*, with an absolute cap on fees set at twenty-five percent of a claimant's past due benefits." *Lindstrom*, 2012 WL 860322, *2 (emphasis added); *see also Wellenstein*, 2011 WL 4963856, *2. I turn to the United States Supreme Court's decision in *Gisbrecht v. Barnhart*, 535 U.S. 789, 804–05 (2002), which addresses the meaning of the term "reasonable fee" and how contingent-fee agreements are enforceable and unenforceable under 42 U.S.C. § 406.

Whether a contingency fee agreement is present in a social security case is relevant, but, of course, there is no presumption that such an agreed-upon fee is reasonable. *Id.* at 807 n.17 (2002). "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The Supreme Court noted one boundary line that has been drawn by Congress: "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* (footnotes and citations omitted). Put differently, if such an agreement refers to fees within the statutory ceiling, then the court must "review for reasonableness fees yielded by those agreements." *Id.* at 809.

The Supreme Court has further explained that "[c]ourts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. Another reason to reduce a fee is if the "attorney is responsible for delay," which is necessary "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Id.* Additionally, as Supreme Court Justice Ruth

7

Bader Ginsburg wrote in *Gisbrecht*, "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.* To assist a court in its assessment of the reasonableness of the fee yielded by a fee agreement, the court may ask the claimant's attorney to submit "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.*

In addition, when courts determine the proper amount of attorney's fees, pursuant to § 406(b), "it is appropriate to consider the amount of attorney fees that might have been awarded under the EAJA." *Harlow v. Astrue*, 610 F.Supp.2d 1032, 1034 (D. Neb. 2009). Some district courts have reduced awards under § 406(b) by an amount equal to the forgone EAJA fees. *See id.* (finding that because the "hypothetical EAJA fee [of $7,517.13] exceeds the $5,524.60 fee that Plaintiff's counsel now seeks to recover out of his client's past-due Social Security benefits, the § 406(b) motion will be denied."); *see also Sangwin v. Astrue,* No. Civ. 04–5309, 2008 WL 5156317 (W.D.Ark. Sep. 2, 2008), report and recommendation adopted as modified by 2008 WL 5156316, *1 (W.D.Ark. Dec. 8, 2008) (§ 406(b) award reduced by amount of EAJA fees that would have been awarded had plaintiff's counsel sought such fees, based upon billable hours claimed by plaintiff's counsel and standard EAJA hourly rate); *Illiceto*, 1990 WL 186254, *2 (reduced § 406(b) award by $3,645.00, the amount of EAJA fees that plaintiff would have been awarded if EAJA fees were sought).

Finally, I would be remiss if I did not mention the two important policy concerns that courts must balance when considering a fee award in social security cases. "On one hand, fee awards should be substantial enough to encourage attorneys to accept Social Security cases—particularly when the attorney faces a risk of nonpayment." *Wallace*, 2004 WL 883447, *3. "On the other hand, attorneys representing disabled

8

claimants have a duty to protect the claimant's disability award," and awards under § 406(b) are payable *only* out of claimant's disability benefits. *Id.*

## III. ANALYSIS

Horneber's suggested request for an additional $18,767.25 comes within the statutory ceiling of § 406(b). This is because the aggregate fee amount of $24,767.25 (*i.e.*, $18,767.25 plus $6,000.00) equates to somewhat less than twenty-five percent of Bell's past-due benefits of $99,149.00, or $24,787.25.[8] *See Davis*, 894 F.2d at 273 n.3. However, as I alluded to above, Horneber's requested dollar amount slightly below twenty-five percent of Bell's past-due benefits—20 dollars less to be exact—does not seem to be purposeful, but rather a mathematical error on Horneber's behalf. The presumption that Horneber's request for a fee award was made in error is bolstered by Bell's and Horneber's attached relevant contingency-fee agreement, which sets Horneber's fee at twenty-five percent of Bell's past-due benefits.[9] In pertinent part, the relevant attorney's fee agreement provides:

> If I am awarded benefits dating back to my initial onset date of September 5, 2005, I agree William Horneber of Horneber Law Firm shall be entitled to a fee, upon motion

---

[8] In the Defendant's Response, the Commissioner reasonably interprets Bell's amended motion to suggest that he seeks $24,787.25 pursuant to § 406(b) for 49.65 hours of work, which represents an hourly rate of $499.24, in addition to the $6,000.00 he received under § 406(a). Defendant's Response at 9. However, since the filing of the Defendant's Response, Horneber suggests in his reply that he does not seek to collect the entire $24,787.25 pursuant to § 406(b), but, rather, $18,767.25, plus the $6,000.00 he has already received pursuant to § 406(a), totaling $24,767.25.

[9] Horneber did not provide the fee agreements until the lack of such agreements was pointed out by the Commissioner in the defendant's response. *See* Defendant's Response at 8. The fee agreements were filed with the plaintiff's reply. *See* Plaintiff's Reply at 5–7. The fee agreements were signed on May 1, 2012, more than a year after Horneber was employed by Bell on April 29, 2011. *See* Plaintiff's Reply at 5–7.

> to the Court, and may request approval of a fee, in the amount of twenty-five percent (25%) of all past due benefits resulting from my claims awarded to my family and to me without limit, even if that amount exceeds the 206(a)(2)(A) and section 1631(d)(2)(A) amounts.

Plaintiff's Reply at 7. Based on the briefs filed, Horneber presumably seeks $18,787.25, not $18,767.25, in fees, and a total fee award of $24,787.25, or twenty-five percent of the total past-due benefits received by Bell. Plaintiff's Reply at 7. Because the contingent-fee agreement, here, provides for fees within the statutory ceiling, I must next "review for reasonableness fees yielded by [the] agreement[]" between Bell and Horneber. *Gisbrecht*, 535 U.S. at 809.

In this case, if Horneber were awarded $18,787.25 pursuant to § 406(b), Horneber's hourly rate for 49.65 hours of work before this Court would be $378.39. Alternatively, if I considered the Commissioner's approximation of 36 hours of work, then Horneber's hourly rate would be $521.87. These rates seem excessive for several reasons. First, Horneber's recorded hours seem higher merely because of the passage of time rather than Horneber's skills as an advocate.[10] Second, Horneber offers no explanation for his delay in filing his motion for attorney's fees under § 406(b), or an explanation as to why fees under the EAJA were never pursued or why he failed to comply with Local Rule 54.1(b).[11] Third, Horneber reported his work in the relevant

---

[10] The Commissioner articulates this point in her response. Because Bell's past-due benefits were calculated from an onset date of September 16, 2005, "more than five years prior to [Horneber] becoming involved in this case," payment for 36 hours at a high rate would be "a rather excessive award based more on the passage of time than the skill of the attorney." *Id.* at 10, n.4 (citing docket no. 13-1, 16). Horneber was not employed by Bell until April 29, 2011. Plaintiff's Reply at 7.

[11] Horneber seems to place blame on the fact that submissions for an appropriate fee agreement to the SSA were "ongoing through January 2014." Plaintiff's Reply at 1. Horneber also asserts that Bell was not truthful between April 2013 and June 2014 when Bell told Horneber "he had not received any 'past-due' benefits for himself

10

attorney's fee agreement as costing $200.00 per hour, "[i]f benefits are not awarded [to Bell] dating back to September 5, 2005[.]" Plaintiff's Reply at 7. Horneber indicates in his original and amended motions that his normal billing rate for noncontingent-fee cases is $200.00 per hour.

Most upsetting to me is the fact that Horneber failed to file an EAJA application on Bell's behalf. *See Shepherd*, 981 F.Supp. at 1193 (noting that the "Court finds Plaintiff's counsel's failure to file an EAJA application distressing."). Such an award under the EAJA would have decreased the amount of past-due benefits that Bell would have to pay Horneber now.[12] Thus, Horneber's failure to request EAJA fees reflects poorly on the quality of his representation and the results he achieved for Bell.[13] *See Gisbrecht*, 535 U.S. at 808. After reviewing the timeliness of Horneber's work, Horneber's normal hourly rate, and Horneber's failure to apply for fees pursuant to the EAJA, Horneber has failed to meet his burden that his requested fee is reasonable. *See Dowdy v. Bowen*, 636 F.Supp. 591, 593 (W.D. Mo. 1986) (noting that "the court is not bound to award to counsel the full twenty-five percent of past due benefits" and that "in the vast majority of cases, a reasonable award will be less than the statutory maximum of twenty-five percent."). Rather, based on the factors set forth in *Gisbrecht*, 535 U.S. at 807–08, a downward adjustment is appropriate. Having decided

---

and/or his family'" and Bell allegedly failed to attend scheduled meetings with Horneber to sign relevant documents. *Id*. at 2.

[12] Where a court awards the plaintiff both fees and expenses pursuant to the EAJA and Social Security Act, "it will be ordered that the Plaintiff's attorney will refund the smaller of the two awards to the Plaintiff." *See Holmberg v. Bowen*, 687 F.Supp. 1370, 1379 (8th Cir. 1988).

[13] The words from Senior District Court Judge Robert W. Pratt's well-crafted opinion in *Shepherd* are worth repeating: "[A]ttorneys representing Social Security claimants need to continue the zealous representation of their clients by filing EAJA applications to prevent further reducing the disabled person's past-due benefits." *Id*. at 1193.

the requested fees are unreasonable and must be reduced, the sole issue remaining is the size of the fee reduction.

The Commissioner explains that an EAJA award of as much as $9,864.76, or as little as $7,000.00,[14] could have been obtained by Horneber had he opted to file an EAJA application. Defendant's Response at 5–6. Accordingly, because Horneber did not seek EAJA fees, or provide an explanation for not doing so, I reduce Horneber's requested fee amount under § 406(b) by $9,864.76, or the maximum amount he could have received if he had sought EAJA fees. *See Gallo v. Astrue*, No. 10–CV–1918, 2011 WL 5409619, at *3 (E.D.N.Y. Nov. 8, 2011) (reducing requested § 406(b) fee award of $10,444.00 by the maximum amount of EAJA fees, or $4,721.47, which could have been awarded had plaintiff's counsel applied for the fees); *see also Harlow*, 610 F.Supp.2d at 1034; *Sangwin*, 2008 WL 5156316, *1; *Illiceto*, 1990 WL 186254, *2. After that reduction, the remaining total fee award is $8,922.49 (*i.e.* $18,787.25 minus $9,864.76). I also am convinced that this reduction is appropriate based on the delay Horneber caused; the clerical tasks and other excessive and redundant tasks in his itemized statements; the lack of clarity in the motions and briefs submitted to this Court

---

[14] The Commissioner notes that if Horneber sought fees pursuant to the EAJA at $9,864.76, the Commissioner would have objected to that request as "excessive." Defendant's Response at 5. The Commissioner indicates that Horneber lists "extensive hours" after final judgment was issued, or work that was performed before the Agency, not the Court. *Id*. In addition, the Commissioner notes that Horneber's hours included more than eleven hours of work prior to the Commissioner filing an answer. *Id*. Also included in Horneber's itemized statements are non-compensable administrative tasks and other expenses. *Id*. at 5–6. The Commissioner highlights that most of Horneber's entries on his itemized statements are in "quarter-hour increments," which is a practice at odds with precedent of the Eighth Circuit Court of Appeals. *Id*. (citing *Republican Party of Minn. V. White*, 456 F.3d 912, 920 (8th Cir. 2006)). Taking all of that into account, the Commissioner "asserts that a reasonable EAJA award of at least $7,000.00 could have been obtained by counsel, had he opted to file such." *Id*. at 6. Thus, even the Commissioner concedes that a substantial claim for EAJA fees existed.

as to the fees sought; and my concern for protecting Bell's award.  Overall, I find that a fee award of $8,922.49 under § 406(b) is "substantial enough to encourage attorneys to accept social security cases," despite the risk of nonpayment, and it also serves to "protect[ ] the claimant's disability award." *Lindstrom*, 2012 WL 860322, *3.

## IV.  CONCLUSION

In sum, after a thorough review of the parties' briefs and applicable case law, I grant Horneber attorney's fees in the amount of $8,922.49 pursuant to § 406(b).  Therefore, Horneber will receive a total of $14,922.49 pursuant to 42 U.S.C. § 406(a) (*i.e.*, $6,000.00) and 42 U.S.C. § 406(b) (*i.e.*, $8,922.49).  The amount of attorney's fees awarded in this case is less than the 25% contingency fee initially agreed upon by Bell and Horneber, or $24,787.25, because that fee award is unreasonable for the reasons provided.  The sum of $14,922.49 provides a reasonable fee to Horneber.

**IT IS SO ORDERED.**

**DATED** this 2nd day of March, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA